IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRED D. HARUDA and THE FRED
D. HARUDA REVOCABLE TRUST,

        Plaintiffs,

    v.

RICHARD D. MOULTON; DANIEL
D. MOULTON; COLOCO SPRINKLER
INCORPORATED, a Colorado
Corporation; ADS ENTERPRISES,
LLC, a Colorado Limited
Liability Corporation; and
WTSD, LLC, a Colorado Limited
Liability Corporation,

        Defendants.

Case No. 6:15-cv-00719-AA

OPINION AND ORDER

DAVID G. HOSENPUD
Lane Powell
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
    Attorney for plaintiffs

DONALD J. CHURNSIDE
Gaydos Chunside & Balthrop, P.C.
440 E. Broadway, Suite 300
Eugene, Oregon 97401
    Attorney for defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Richard Moulton ("RM"), Daniel Moulton ("DM"), Coloco Sprinkler, Inc. ("Coloco"), ADS Enterprises, LLC ("ADS"), and WTSD, LLC ("WTSD") move to dismiss plaintiffs Fred Haruda and The Fred D. Haruda Revocable Trust's ("FH Trust") complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. (12)(b)(2). In the alternative, defendants move to transfer venue. For the reasons set forth below, defendants' motion is granted in part and denied in part.

## BACKGROUND

Haruda, in his individual capacity and as a trustee for the FH Trust, is a resident of the state of Oregon. Am. Compl. ¶ 1. RM and DM are residents of the state of Colorado. Id. at ¶¶ 2-3. Coloco is a Colorado corporation formed in 1987. Id. at ¶ 4. ADS and WTSD are Colorado limited liability companies formed in June 2013. RM Aff. ¶ 7. RM is a member of ADS. Am. Compl. ¶ 2. DM is the sole member of WTSD and part owner of Coloco. DM Decl. ¶¶ 1, 6.

On April 19, 2015, plaintiffs initiated this lawsuit and, on June 17, 2015, filed an amended complaint alleging breach of contract, breach of fiduciary duty, conversion, money had and received, accounting, and elder abuse. Specifically, plaintiffs allege that, in May 2013, RM and DM executed letters of offer with the FH Trust to establish a Colorado holding company, whose purpose was to legally cultivate and distribute cannabis products in

Page 2 - OPINION AND ORDER

Colorado. Am. Compl. ¶ 9. Plaintiffs further allege that RM and DM came to Oregon in June 2013 to present business proposals and solicit funding. Id. at ¶¶ 11-12; Haruda Decl. ¶ 4. In September 2013, RM and DM, through a general durable power of attorney contract, became attorneys-in-fact for Haruda and all real and personal property of the FH Trust. Am. Compl. ¶ 15.

Around December 2013, Haruda informed RM and DM that the business arrangement was terminated and instructed them to return all funds held either personally or by the companies under their control. Id. at ¶ 16; Haruda Decl. ¶ 11. RM and DM have not returned any such funds. Am. Compl. ¶ 16. On June 8, 2015, defendants filed the present motion to dismiss or transfer venue.

## STANDARDS

Where the court lacks personal jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(2). When a defendant moves to dismiss on this basis, the plaintiff bears the burden of establishing that such jurisdiction exists. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). Where the court makes its jurisdictional finding based on pleadings and affidavits rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 127-28 (9th Cir. 1995). While the plaintiff cannot rely entirely on the allegations of the complaint to establish that personal

Page 3 - OPINION AND ORDER

jurisdiction is proper, the complaint's uncontroverted factual allegations must be accepted as true and any factual conflicts in the parties' declarations must be resolved in the plaintiff's favor. Harris Rusky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).

## DISCUSSION

Defendants assert that this case should be dismissed because they did not engage in adequate contacts with the State of Oregon. In the alternative, defendants argue that venue is proper in the District of Colorado, such that this case should be transferred.

When no applicable federal statute governs personal jurisdiction, the court applies the law of the state in which it sits. Schwarzenegger, 374 F.3d at 800 (citations omitted). Oregon's long-arm statute is coextensive with federal due process requirements, and the jurisdictional analyses under state and federal law are the same. Id. at 801; Or. R. Civ. P. 4L. Thus, the two inquiries merge and this Court need only determine whether the assertion of personal jurisdiction over defendants violates the due process clause.

In order for a court to have the power to render judgment against a defendant, the plaintiff must show that the nature and quality of the non-resident's contacts are sufficient to establish personal jurisdiction. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). Due process requires that a

defendant, if not present in the state, "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945). Plaintiffs do not dispute that general personal jurisdiction is lacking; therefore, defendants' motion hinges on whether specific personal jurisdiction exists.

A court may exercise specific personal jurisdiction over a non-resident if: (1) the defendant performs an act or consummates a transaction within the forum, purposefully availing itself on the privilege of conducting activities there; (2) the plaintiff's claims arise out of or result from the defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citations omitted). The plaintiff "bears the burden of satisfying the first two prongs of the minimum contacts test." Id. (citation and internal quotations omitted).

I.  Purposeful Availment

A defendant purposefully avails itself where evidence shows that its actions invoked the benefits, protections, and burdens of litigation within the forum state. Schwarzenegger, 374 F.3d at 802 (citations omitted). The Ninth Circuit explained that the

> [p]urposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff. In order to have purposely availed oneself of

Page 5 - OPINION AND ORDER

> conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.

Roth v. Garcia Marquez, 942 F.2d 617, 621 (9th Cir. 1991).

Here, Haruda offered sworn statements that RM and DM traveled to Oregon to present a PowerPoint demonstration, in the hopes of establishing a holding company with Haruda and/or the FH Trust for the manufacture and sale of legal cannabis products in Colorado. Haruda Decl. ¶ 4 & Ex. 1. RM and DM "were very insistent, and the meeting lasted two hours." Haruda Decl. ¶ 4. RM later returned to Oregon in November 2013 to prevent revocation of the power of attorney contract and to persuade Haruda to maintain his business relationship with RM and DM. Id. at ¶ 10; RM Aff. ¶ 5. Therefore, although the majority of the parties' initial discussions occurred in Colorado, RM and DM's visits to Oregon to first solicit, and later continue, a business relationship with plaintiffs are sufficient to demonstrate the requisite purposeful availment. See Cross v. Kloster Cruise Lines, Ltd., 897 F.Supp. 1304, 1310-11 (D. Or. 1995) (exercise of personal jurisdiction over a non-resident cruise company was valid because the company deliberately promoted the cruise within the forum state); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985) (the purposeful availment prong is fulfilled when a defendant takes deliberate actions within the forum or creates continuing obligations to forum residents).

RM and DM also drafted a power of attorney contract that, by

Page 6 - OPINION AND ORDER

its own terms, was governed by Oregon law. Haruda Decl. Ex. 3 at 12; see also Burger King, 471 U.S. at 482 (the choice of law clause in a contract, while alone is not determinative of jurisdiction, can show a defendant's deliberate decision to be subject to the laws of the forum state). This contract gave defendants control over Haruda's entire estate, including all of the FH Trust's Oregon assets. Haruda Decl. Ex. 3 at 1. Upon commencement of that control, defendants created an ongoing obligation to plaintiffs. Accordingly, this agreement further evinces that the purposeful availment prong is met.[1]

Further, ADS and WTSD were created by RM and DM exclusively for their business venture with plaintiffs. Am. Compl. ¶¶ 12-13; RM Decl. ¶ 4; DM Decl. ¶ 1; Defs.' Reply to Mot. Dismiss 2-3, 9-10. Essentially, ADS and WTSD were holding companies for the funds RM and DM personally solicited in Oregon from plaintiffs. Id. As legal entities, ADS and WTSD could only act through their members, RM and DM. RM Aff. ¶ 7; Am. Compl. ¶¶ 2-3. In other words, when RM and DM

---

[1] Although defendants do not dispute that RM and DM traveled to Oregon or executed a valid contract subject to Oregon law, they contend that Haruda initiated the business venture in Colorado and personally requested that RM and DM come to Oregon in June 2013. RM Aff. ¶ 5. RM also asserts that he returned to Oregon only to check on Haruda's well-being. RM Decl. ¶ 14. Defendants further argue that Haruda initiated the power of attorney contract. Id. at ¶ 10. At this stage in the proceedings, the Court must construe all conflicting factual allegations from the parties' declarations in plaintiffs' favor. Harris Rusky, 328 F.3d at 1129. As such, this evidence does not alter the Court's analysis.

Page 7 - OPINION AND ORDER

were establishing the requisite minimum contacts with this forum, they were acting as the agents of these entities. Therefore, the Court finds that purposeful availment has been met with respect to ADS and WTSD.

However, the Court cannot find purposeful availment on the part of Coloco, a Colorado corporation formed nearly twenty years before this dispute arose. Plaintiffs do not allege that Coloco has any apparent connection to RM and DM's business dealings with plaintiffs in Oregon. Rather, plaintiffs rely solely on the allegation that RM and DM transferred funds from ADS and/or WTSD to Coloco. To support this allegation, plaintiffs present balance sheets and an income statement for Coloco that "were represented by [defendants] to be information related to the accounting for the money provided by plaintiffs to defendants." See Hosenpud Decl. Suppl. Pls.' Response at 2 (doc. 22). However, such transfer of funds - even if true - does not establish sufficient minimum contacts with this forum on the part of Coloco. Martinez v. Aero Caribbean, 764 F.3d 1062, 1068 (9th Cir. 2014) ("[A] corporation may be subject to personal jurisdiction only when its contacts with the forum support either specific or general jurisdiction.").

Accordingly, defendants' motion is granted as to Coloco.

II. Claims Arise/Result From Forum-Related Activities

To meet the second prong of the minimum contacts test, the Ninth Circuit requires that the defendant's forum activities be a

but-for cause of the litigation. <u>Ballard v. Savage</u>, 65 F.3d 1495, 1500 (9th Cir. 1995).

It is undisputed that the alleged breaches and misconduct in this case relate directly to the parties' underlying business venture and power of attorney contract. Am. Compl. ¶¶ 17-42. Viewing the uncontroverted facts in a light most favorable to plaintiffs, the parties' relationship would not have continued without the agreement and funding sought by RM and DM, or the power of attorney contract initiated and drafted by RM and DM relating to Haruda's estate. In sum, without RM and DM's deliberate actions within Oregon, directed towards an Oregon resident, plaintiffs' claims would not exist. See <u>Schwarzenegger</u>, 374 F.3d at 803 (the second prong of the minimum contacts test is met where the defendant directs its actions towards a forum resident). The second prong is satisfied.

III. <u>Reasonableness of Exercising Jurisdiction</u>

If the first two prongs are met, the court assumes that the exercise of specific jurisdiction is reasonable. <u>Sher v. Johnson</u>, 911 F.2d 1357, 1364 (9th Cir. 1990). The burden then shifts to the defendant to avoid jurisdiction. <u>Ballard</u>, 65 F.3d at 1500. The defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." <u>Id.</u> (citations and internal quotations omitted). The court must balance seven reasonableness factors:

Page 9 - OPINION AND ORDER

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993) (citation omitted). No one factor is dispositive and all seven factors must be considered. Id.

As discussed in section I, RM and DM purposefully availed themselves of this forum, and the extent of their activities weighs in favor of exercising jurisdiction. D. Brutke's Victory Hills, LLC v. Tutera, 2013 WL 3818146, at *13 (D. Or. July 22, 2013).

The second factor weighs slightly in favor of defendants. Defendants are residents of Colorado, some of the evidence and witnesses are in Colorado, and certain business transactions occurred in Colorado. However, "the advances in transportation [render] any burden [of interstate practice] substantially less than in days past." Menken v. Emm, 503 F.3d 1050, 1060 (9th Cir. 2007). Further, defendants claim no specific hardship in litigating this dispute in Oregon.

Neither party directly addressed the third reasonableness factor, such that it is neutral. See D. Brutke's Victory, 2013 WL 3818146, at *13 (this factor is given relatively little weight when all of the parties are in the United States).

Fourth, Oregon has a strong interest in this dispute, as one

Page 10 - OPINION AND ORDER

of its residents allegedly has been injured. <u>Panavision Int'l, L.P. v. Toeppen</u>, 141 F.3d 1316, 1323 (9th Cir. 1998).

In relation to the fifth element, both parties argue that a majority of the evidence and witnesses are in their respective states, and that neither forum would be significantly more efficient, especially given modern technology and transportation. The Court is more than capable of resolving this dispute, irrespective of which state's laws govern.

Sixth, Oregon is an important forum for plaintiffs due to Haruda's physical disabilities. Haruda Decl. ¶ 1. Even with modern transportation, traveling to Colorado may cause inconvenience, if not hardship, on Haruda.

Seventh, because defendants are residents of the state of Colorado, the District of Colorado exists as an alternative forum. However, the existence of an alternative forum becomes an issue only when the defendants show the original forum is unreasonable. <u>CollegeSource, Inc. v. AcademyOne, Inc.</u>, 653 F.3d 1066, 1080 (9th Cir. 2011). As addressed herein, defendants have not demonstrated that the District of Oregon is an unreasonable forum.

Finally, the Court has reviewed the elements that dictate whether a transfer of venue is warranted under 28 U.S.C. § 1404(a).[2] See <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99

---

[2] Defendants rely on 28 U.S.C. § 1406(a) in support of transfer. Defs.' Mot. Dismiss 7. However, this statute governs the transfer of venue for a complaint that is filed in the "wrong division or district." 28 U.S.C. § 1406(a). Thus, courts employ

Page 11 - OPINION AND ORDER

(9th Cir. 2000) (articulating non-exclusive factors for determining transfer of venue pursuant to 28 U.S.C. § 1404(a)). Although defendants do not individually address these elements, many are similar to the reasonableness factors outlined above. As such, for the reasons delineated herein, the Court finds that a transfer of venue would not serve the interests of justice or convenience of the parties and witnesses.

## CONCLUSION

Defendants' motion to dismiss or transfer venue (doc. 4) is GRANTED as to defendant Coloco and DENIED in all other respects. Plaintiffs' request for oral argument is DENIED as unnecessary. Defendants' unopposed motion to supplement the record (doc. 25) is GRANTED.

IT IS SO ORDERED.

Dated this day 16th of September, 2015.

_____
Ann Aiken
United States District Judge

---

28 U.S.C. § 1406(a) when the plaintiff selected an "improper" forum. Flavor Organics, Inc. v. Aalta Orange Food Co., Inc., 2002 WL 31478148, *3 (D. Or. Apr. 22, 2002). As noted above, venue is proper in Oregon, such that 28 U.S.C. § 1404(a) applies.

Page 12 - OPINION AND ORDER